IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TODD and JESSICA BLISCHKE;
WARREN and CHERYL HOLT;
DERRICK and MICHELLE JOHNSON;
THOMAS and MARIA LAMPROS; and
DANNIE and LANETTE RASMUSSEN,

        Plaintiffs,

   v.

TUMALO IRRIGATION DISTRICT and
DESCHUTES COUNTY,

        Defendants.

Case No. 6:15-cv-01555-AA
OPINION AND ORDER

---

Thomas A. Ped
Todd W. Blischke
Williams, Kastner & Gibbs P.L.L.C.
1001 SW Fifth Avenue, 16th Floor
Portland, OR 97204
    Attorneys for Plaintiffs

PAGE 1 - OPINION AND ORDER

Luke W. Reese
Garrett Hemann Robertson P.C.
1011 Commercial Street NE
Salem, OR 97301

John E. Laherty
Deschutes County Assistant Legal Counsel
1300 NW Wall Street, Suite 205
Bend, OR 97703
    Attorneys for Defendants

AIKEN, Judge:

    Plaintiffs Todd and Jessica Blischke, Warren and Cheryl Holt, Derrick and Michelle Johnson, Thomas and Maria Lampros, and Dannie and Lanette Rasmussen all purchased parcels of vacant real property ("the lots") from defendant Tumalo Irrigation District ("TID"). The lots are located in Bend, Oregon, along Bill Martin Road ("the Road"), an approximately two-mile-long compacted dirt road with a loose gravel overlay. First Am. Compl. ¶ 11. The Road has fallen into disrepair; it "contains large potholes, severe wash-boarding, braking bumps, and the gravel is no longer uniformly spread across the Road." *Id.* ¶ 26. Plaintiffs allege they demanded TID perform maintenance on the Road. *Id.* ¶ 23. They further allege TID initially claimed defendant Deschutes County ("the County") was responsible for the maintenance, and that after the County disclaimed responsibility, TID informed plaintiffs they would have to maintain it themselves. *Id.* Plaintiffs allege TID knew all along purchasers of the lots would be responsible for road maintenance, but deliberately concealed this fact because it would have lowered the sale value of the lots. *Id.* ¶¶ 46-49.

    In this action, plaintiffs assert state-law breach of contract and fraudulent concealment claims against TID; state-law negligence claims against both defendants; and federal due process claims

PAGE 2 - OPINION AND ORDER

pursuant to 42 U.S.C. § 1983 against both defendants. Defendants moved to dismiss the federal claims only. For the reasons set forth below, defendants' motions are granted and this case is dismissed and remanded to state court.

## STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

## DISCUSSION

Plaintiffs contend defendants' failure to maintain the Road deprives them of property without due process of law, in violation of the Fourteenth Amendment.[1] First Am. Compl. ¶¶ 59, 69. Plaintiffs assert violations of both substantive and procedural due process rights. For either type of

---

[1] In their briefs in opposition to the motions to dismiss, plaintiffs also assert defendants' failure to maintain the road violates the Takings Clause. The First Amended Complaint mentions neither the Takings Clause nor the Fifth Amendment and could not have put defendants on notice to defend against such a claim. *See Twombly*, 550 U.S. at 574 (explaining that Federal Rule of Civil Procedure 8's pleading requirements are designed to ensure defendants are "on notice as to the nature of the claim[s] against [the]m and the relief sought.") If plaintiffs wish to assert a takings claim, they first must seek leave to amend the Complaint.

PAGE 3 - OPINION AND ORDER

due process claim, a plaintiff must make a "threshold showing" of a "constitutionally protected property interest." *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1019 (9th Cir. 2011). To have a protected property interest in a government benefit, "a person clearly must have more than an abstract need or desire for [the benefit]. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). A property interest must "stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* "A person's belief of entitlement to a government benefit, no matter how sincerely or reasonably held, does not create a property right if that belief is not mutually held by the government." *Gerhart*, 637 F.3d at 1020.

Plaintiffs resist framing their due process claims in terms of denial of a government benefit. Instead, they assert they have a property interest in access to the lots under Oregon common law. *See, e.g., Sweet et al. v. Irrigation Canal Co.*, 254 P.2d 700, 712 (Or. 1953) ("It is established law in this state that an abutting owner is entitled to the use of the highway in front of his premises to its full width . . . and this right is as much property as the soil within the boundaries of his lot[.]"). But plaintiffs have not pointed to the necessary governmental *deprivation* of this right of access. Defendants have not physically blocked plaintiffs' access to their property or refused to allow plaintiffs to use the Road. Nor have plaintiffs alleged some action by defendants caused the degradation of the Road. Although the deterioration of the Road undoubtably affects plaintiffs' access to their property, defendants' failure to prevent that deterioration does not "deprive" plaintiffs of a property right within the meaning of the Due Process Clause. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 126 (1992) ("[Because] the [Due Process] Clause is phrased as a

PAGE 4 - OPINION AND ORDER

limitation on the State's power to act, . . . . its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that [life, liberty, and property] interests do not come to harm through other means." (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)).

Thus, plaintiffs' due process claim must be framed as a government benefit claim: the denial of road maintenance services. Plaintiffs have failed to state a claim for violation of their due process rights because they have no legitimate expectation of entitlement to such services under state law. Plaintiffs cite a number of Oregon cases stating that a public entity has a duty to keep premises held open to the public in a safe and reasonably maintained condition. *E.g. Platt v. City of Newberg*, 205 P. 296, 297 (1922). But as *Platt* and other cases make clear, that duty arises under tort law. Existence of a tort-law duty of care is not evidence of a constitutionally protected property right. *See Daniels v. Williams*, 474 U.S. 327, 335 (1986) (rejecting the argument that "all common-law duties owed by government actors were somehow constitutionalized by the Fourteenth Amendment").

Plaintiffs next attempt to locate their expectation of road maintenance services in provisions of the Deschutes County Code. Oregon law broadly assigns road maintenance responsibilities to counties. Or. Rev. Stat. §§ 368.001, 368.016. Chapter 92 of Title 10 of the Oregon Revised Statutes addresses approval of new subdivisions and partitions, conditioning approval of a plat upon the dedication of streets and roads within the new development for public use. *Id.* § 92.090(3)(a). Pursuant to Chapter 92 and other provisions of Oregon law, the Deschutes County Code "sets forth the minimum standards governing approval of land development." Deschutes Cnty. Code § 17.04.020(A). Among the listed purposes of those standards are promotion of "public health, safety and general welfare," encouragement of "well planned . . . development to the end that good livable

PAGE 5 - OPINION AND ORDER

neighborhoods with all needed amenities . . . may be created," and protection of "the interest of the public, the applicant, and the future lot owner." *Id.* § 17.04.020(A)(1) & (3).

It is possible plaintiffs could assert a legitimate claim of entitlement to road maintenance services pursuant to these broad provisions. *See Ressler v. Pierce*, 692 F.2d 1212, 1216 (9th Cir. 1982) (statutory statements of purpose may give rise to protected property rights to government benefits). But here, as plaintiffs concede, the Deschutes County Code *expressly relieves* the County of any maintenance responsibility for local access roads:

> Any public road created in conjunction with the dedication of a public road right of way under [section 17.52] shall be designated a Local Access Road . . . which shall not be maintained by the County, unless and until that road right of way is established as a County road . . . by order or resolution of the County governing body[.]

Deschutes Cnty. Code § 17.52.100. To the extent sections 17.04.020 and 17.52.100 conflict, the latter provision controls because it is more specific.[2] *See Kambury v. DaimlerChrysler Corp.*, 50 P.3d 1163, 1166 (Or. 2002) ("[W]e adhere to the rule of statutory construction that a specific statute controls over a general statute."). Plaintiffs appear to contend TID misled them into believing the Road was a County road rather than a local access road. *See, e.g.*, Pl.'s Opp. Deschutes Cnty. Mot. Dismiss 10 n.5 (doc. 37). However, they do not allege the Road was established as a County road by an order or resolution of the County governing body, as required by section 17.52.100. Accordingly, any belief the County or TID was under a *statutory* obligation to maintain the road was a subjective expectancy not protected by the Due Process Clause. *See Sayers v. Wash. Cnty.*, 2008 WL 4449431, *3 (E.D. Mo. Sept. 26, 2008) (dismissing federal claims in a case involving very

---

[2] Plaintiffs appear to concede as much in their brief when they argue the entire framework of applicable Deschutes County Code provisions violates the Takings Clause. As explained above in footnote 1, plaintiffs have not pleaded a takings claim and this Court will not address such a claim unless and until plaintiffs obtain leave to amend the Complaint.

PAGE 6 - OPINION AND ORDER

similar facts because plaintiffs had articulated, "at most," a subjective expectancy the road abutting their property would be maintained). Plaintiffs' due process claims must be dismissed.

## SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

I decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Title 28 U.S.C. § 1367 provides the basis for supplemental jurisdiction:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

A district court has discretion to "decline to exercise" supplemental jurisdiction in various circumstances including when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

That is exactly the situation at bar. Here, supplemental jurisdiction over the state law claims was based on federal question jurisdiction over the federal due process claims. The Court dismisses the federal claims and declines to exercise jurisdiction over the remaining state law claims. Therefore, this complaint is dismissed in its entirety.

## CONCLUSION

Defendants' motions to dismiss plaintiffs' federal claim (docs. 28 and 30) are GRANTED. This case is DISMISSED and REMANDED to state court for further action. The County's request

for attorney's fees and costs is DENIED.³ TID's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 27 day of June 2016.

_____
Ann Aiken
United States District Judge

---

³ A prevailing defendant may obtain attorney's fees under 42 U.S.C. § 1988 if "the plaintiff's action was unreasonable, frivolous, meritless, or vexatious." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (quotation marks omitted). The County makes a single-sentence request for attorney's fees and costs without argument or citation to authority. I decline to award the County fees in the absence of any explanation why plaintiffs' due process claims are so "wholly without merit" as to meet the demanding section 1988 standard for prevailing defendants. *Gibson v. Office of Atty. Gen., State of Cal.*, 561 F.3d 920, 929 (9th Cir. 2009) (citation omitted).

PAGE 8 - OPINION AND ORDER